IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janice McMullen Jones, <br><br> Plaintiff, <br><br> v. <br><br> Pastor Diana Cherry, *From the Heart Church Ministry*; Pastor John Hagee, *Cornerstone Church*; Pastor Joel Osteen, *Lakewood Church*; Bishop Noel Jones, *Noel Jones Ministries*; Pastor Jimmy Swaggart, *Family Worship Center*; Bishop Paul Morton, *Greater St Stephen Ministry*; Pastor Jentzen Franklin, *Free Chapel*; Pastor Greg Laurie, *Harvest Christian Fellowship*; Bishop Claude Alexander Jr, *The Park Church*; Pastor Robert Morris, *Gateway Church*; Pastor Brian Houston, *Hillsong Church*; Pastor Wayne Corderio, *New Hope Christian Fellowship Ministry*; Prophet Rick Joyner, *Morningstar Ministries*; Pastor John Gray, *Relentless Church*; Pastor Ron Carpenter, *Redemption Church*; Bishop T D Jakes, *The Potter's Touch*; Kenneth Hagin, *RHEMA Bible Church*; James Mc Donald, *Harvest Bible Chapel*; Pastor Jay Rebsamen, *West End Baptist Church*; Pastor Creflo Dollar, *World Changers Ministry International*; Pastor Taffi Dollar, *World Changers Ministry International*, <br><br> Defendants. | C/A No. 0:20-cv-1876-JFA-PJG <br><br><br> **ORDER** |

Plaintiff, Janice McMullen Jones, proceeding *pro se*, brings this civil action alleging breach of "covenant agreements" against defendant pastors and their churches. In

accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this case was referred to the Magistrate Judge for initial review.

After reviewing the Complaint (ECF No. 1), the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 9). Within the Report, the Magistrate Judge recommends that this matter be dismissed for lack of subject matter jurisdiction. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of her right to object to the Report, which was entered on the docket on May 29, 2020. *Id.* The Magistrate Judge required objections, if any, to be filed by June 12, 2020. *Id.* Plaintiff failed to submit any objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that this matter should be dismissed for lack of jurisdiction.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 9). Consequently, this action is summarily dismissed without prejudice and issuance and service of process for lack of jurisdiction.

IT IS SO ORDERED.

June 22, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge